**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**RAMON JIMENEZ,**

       **Plaintiff,**

                              **CASE NO.:   2:18-CV-01003-GEKP**

**vs.**

**BEST BEHAVIORAL HEALTHCARE,
INC.; and AMARILIS LAFONTAINE,
Individually,**

       **Defendants.**

_____/

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
REASONABLE ATTORNEYS' FEES AND COSTS**

**I.      INTRODUCTION**

     Plaintiff Ramon Jimenez ("Jimenez") is the prevailing plaintiff this litigation.  Although judgment has not yet been entered, the Court's Order on Plaintiff's motion for summary judgment granted that motion in its entirety, entitling Plaintiff to 100% of the damages requested therein.  Although a motion for liquidated damages is pending, no additional claims remain to be resolved in this matter prior to the entry of judgment.    Under the Fair Labor Standards Act ("FLSA"), it is mandatory that a prevailing plaintiff receive attorney's fees and costs. 29 U.S.C. § 216(b) (a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant."). Because Plaintiff's counsel's hourly rate is well-within the prevailing market rates, the hours sought are reasonable and were necessarily incurred in the course of this litigation, and the costs Plaintiff seeks are recoverable pursuant to 28 U.S.C. § 1920, Plaintiff respectfully submits that this Motion should be granted in its entirety.

II.     **LEGAL ANALYSIS**

A. **Legal Standard and Principles**.

The proper measure of attorney fees to be awarded to the prevailing plaintiff is the lodestar: the attorney's reasonable hourly rate, multiplied by the reasonably expended number of hours spent on the litigation. *Blum v. Stenson*, 465 U.S. 886, 888, (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *Loughner v. University of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001).  In FLSA and other civil rights cases, it is common for an award of attorney's fees to greatly exceed the amount of the plaintiff's recovery, a factor which supports use of the lodestar analysis.  *See In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 333 (3d Cir. 1998) ("The lodestar method is more commonly applied in statutory fee-shifting cases, and is designed to reward counsel for undertaking socially beneficial litigation in cases where the expected relief has a small enough monetary value that a percentage-of-recovery method would provide inadequate compensation."); *Dinizo v. The Township of Scotch Plains*, 421 Fed.Appx. 173, 174 (3rd Cir. 2011) (a "modest award for plaintiff does not mean that the award of attorney's fees must be proportionate").

The Third Circuit, in *Loughner*, articulated the proper framework for determining fee awards using a lodestar analysis.  In a later opinion, it helpfully distilled the framework as follows:

> One. "[A] party opposing [a] fee award has the burden to challenge [the amount requested] 'by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.' " *Loughner*, 260 F.3d at 178 (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir.1990)).
>
> Two. A "district court cannot decrease a fee award based on factors not raised at all by the adverse party." *Id.* (internal quotation marks omitted).
>
> Three. A district court must articulate the findings that support its award and set forth its reasons for concluding that it is reasonable, to provide this court with a

basis for review. *Id.* at 179. Failure to do so may compel a remand for analysis and findings. *Id.*

Four. "[I]n calculating the hours reasonably expended, the District Court should review the time charged, decide whether the hours set forth were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Id.* at 178 (internal quotation marks omitted).

Five. "Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." *Id.* at 180.

Six. In fixing the hourly rate, "[t]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (internal quotation marks omitted).

Seven. "The starting point in ascertaining a reasonable hourly rate is the attorney's usual billing rate, but this is not dispositive." *Id.* (internal quotation marks omitted).

*Mantz v. Steven Singer Jewelers*, 100 F. App'x 78, 81 (3d Cir. 2004) (affirming fee award because district court followed this procedure).

With regard to the reasonable hourly rate of the lodestar calculation, Plaintiff, as the movant, bears the initial burden of submitting evidence that her hours and rates are reasonable. *See Loughner,* 260 F.3d at 177.   To determine a reasonable hourly rate, the Third Circuit Court of Appeals has approved the use of the well-developed fee schedule rates established by Community Legal Services, Inc. ("CLS") as one that fairly reflects the prevailing market rates in Philadelphia. *See, e.g., United States ex rel. Palmer v. C&D Technologies, Inc.*, 897 F.3d 128, 138 (3d Cir. 2018); *Maldonaldo v. Houston,* 256 F.3d 181, 187–88 (3d Cir. 2001); *MJG v. Sch. Dist. of Philadelphia*, No. CV 17-318, 2017 WL 5010033, at *14 (E.D. Pa. Nov. 2, 2017), *aff'd sub nom. M.J.G. v. Sch. Dist. of Philadelphia*, No. 17-3560, 2019 WL 2305027 (3d Cir. May 30, 2019). The current CLS fee schedule sets forth a range of $375.00-$450.00 per hour for attorneys with 11 to 15 years of experience.

With respect to reasonable hours, the time awarded includes not only time spent prior to obtaining a favorable decision, but also necessarily includes attorneys' fees for incurred in preparing the fee petition.[1] *Planned Parenthood of Cent. New Jersey v. Attorney General of New Jersey*, 297 F.3d 253, 268 (3rd Cir. 2002) (holding that attorneys were entitled to fees for time spent litigating issue of fees, and remanding for determination as to what was reasonable amount and rate); *Prandini v. National Tea Co.,* 585 F.2d 47, 54 (3d Cir.1978) (reversing trial court decision declining to award fees for time spent preparing fee petition and holding that attorneys were "entitled to be compensated for time spent successfully appealing the first fee award, and in preparing the fee petition, to the extent that time was reasonably necessary to obtaining a reasonable fee award"); *Becker v. ARCO Chem. Co.*, 15 F. Supp. 2d 621, 637 (E.D. Pa. 1998) (awarding over 60 hours for preparation of fee petition); *see also Maldonado,* 256 F.3d at 187-88 (10 hours reasonable for preparation of simple six-page fee petition).

### B.  Plaintiff's Counsel's Requested Rate Is Reasonable.

Plaintiff's counsel, Angeli Murthy, seeks $425 per hour for her time spent on this case. Ms. Murthy is a shareholder at Morgan & Morgan, P.A., and has been practicing law for fifteen years, of which thirteen have been exclusively focused in employment law.  *See* Affidavit of

---

[1] Undersigned counsel is aware that this Court is skeptical of awarding fees for preparing fee petitions, rightly noting that such awards can disproportionately reward attorneys with less efficient billing systems.  *See Zebroski v. Gouak*, No. 09-CV-1857, 2011 WL 3565223, at *5 n. 7 (E.D. Pa. Aug. 12, 2011).  Plaintiff notes that while the Third Circuit requires that the Court award reasonable fees for time spent preparing a fee petition, unreasonable time, such as that spent in ferreting out time entries from a less efficient time-keeping system, need not be awarded. Nor is same sought here. Indeed, undersigned counsel assures the Court that no inefficiency would be rewarded here, where Plaintiff seeks less than three and a half hours, total, for preparation of the Motion, Memorandum of Law, and supporting exhibits.  Given that counsel has an obligation to, and did, carefully review the fee records to eliminate unnecessary, unreasonable, and/or duplicative time, and also was required to prepare this Motion and Memorandum of Law, and exhibits, the time sought covers only a portion of the time expended on those tasks, and no additional time is included for any other preparation involved in the fee petition. Thus, the Court may follow the Third Circuit's requirement to award reasonable fees incurred relating to the fee petition, while still staying true to the principles underlying the decision in *Zebroski*.

Angeli Murthy, Esq., attached as **Exhibit A**, at ¶¶ 1, 3. The requested rate falls well within the CLS fee schedule, which allows up to $450 per hour for an attorney with 15 years of experience. In addition, Ms. Murthy's qualifications merit the requested rate.  She is a 2004 graduate of Georgetown University Law Center, where she was a Senior Articles Editor for the Georgetown Immigration Law Journal.  *Id.* at ¶ 3. She is admitted to practice in both Pennsylvania and Florida, and is member in good standing admitted to practice before the Supreme Court of the United States, the Courts of Appeals for the Third, Fourth and Eleventh Circuits, as well as the Southern, Middle, and Northern Districts of Florida, the Middle and Eastern Districts of Pennsylvania, the Eastern and Western Districts of Michigan, the Western District of Tennessee, the District of Idaho, and the District of Colorado. *Id*. Since 2006, she has devoted my practice exclusively to matters involving claims arising under state and federal employment discrimination statutes, and the FLSA.  *Id*.

Ms. Murthy has also spoken at continuing legal education seminars on topics pertaining to the FLSA, including on topics pertaining to independent contractor misclassification.  *Id.* at ¶ 4.  Further, she currently serves as the co-chair of the Wage and Hour Administration Subcommittee of the Labor and Employment Section of the Florida Bar.  *Id*.

From 2006 through 2011, Ms. Murthy had the privilege to be an associate in the Labor and Employment Practice Group of Morgan, Lewis & Bockius LLP ("Morgan Lewis"), in both Philadelphia (2006 – 2010) and Miami (2010 – 2011), focusing exclusively on employment litigation, and representing Fortune 100 companies in all types of employment litigation, including FLSA individual, class and collective actions.  *Id.* at ¶ 5.  In her final year as an associate at Morgan Lewis (2011), her regular billing rate was well over $400.00 per hour. Thereafter, in December 2011, Ms. Murthy began representing employees in discrimination and

wage claims in the National Employee Rights Group at Morgan & Morgan.  *Id.* at ¶ 6.  While she initially billed her clients at a rate of $350.00 per hour, in January 2015 she increased her rate to $425.00 per hour.  *Id.* at ¶ 7.

Ms. Murthy also has been awarded a rate of $425 or more per hour for her services.  *Id.* at ¶ 8.  *Pena v. RDI, LLC*, No. 8:17-CV-01404-T-AAS, 2019 WL 3017574, at *1 (M.D. Fla. July 10, 2019) (after jury verdict in plaintiff's favor in FLSA independent contractor misclassification case, awarding rate of $425 per hour); *Rishell v. Computer Scis. Corp.,* No. 1:13-cv-0931-CMH-TCB, at D.E. 290 (E.D. Va. Sept. 2, 2016) (awarding rate of $455 per hour following successful motion for summary judgment in action for unpaid wages), a*ff'd Rishell v. Computer Scis. Corp.,* 702 F. App'x 103 (4th Cir. June 28, 2017).  In addition, she has been engaged by clients, as well as by other attorneys who seek her services as local counsel, at the rate sought here. *Id.* ¶ 7.

For these reasons, Plaintiff respectfully submits that the rate sought by his attorney is reasonable and should be awarded.

### C.  The Hours Sought Also Are Reasonable.

For successfully litigating this matter from inception through summary judgment, including significant discovery (depositions of eight individuals including parties and witnesses), third-party discovery largely due to Defendants' steadfast refusal to stipulate to enterprise coverage, and motion practice related to discovery and cross-motions for summary judgment, undersigned counsel seeks less than 160 hours. *See* **Attachment 1 to Exhibit A**, records of reasonable fees sought.  In preparing this fee petition, undersigned counsel eliminated time that, in her billing judgment, was unnecessary, clerical, redundant, or otherwise unreasonable.  This includes, but is not limited to, entries for correspondence with Defendants' counsel and the Court regarding scheduling; review of the rules and procedures of this Court; preparing motions which

were not filed, such as a motion for clerk's default and a motion to strike affirmative defenses; time spent solely on the state law claim which was dismissed without prejudice; time for reviewing routine orders and motions, such as those related to motions to extend time, or to file amended documents; and time spent organizing deposition exhibits where documents were produced on the eve of deposition.  In addition, Plaintiff does not seek any time related to the significant paralegal work done in this matter.

In addition, while Plaintiff may have been able to seek his attorney's travel time in his fee petition, he does not do so.  *See Reg'l Employers' Assurance Leagues Voluntary Employees' Beneficiary Ass'n Tr. v. Castellano*, 164 F. Supp. 3d 705, 718 (E.D. Pa. 2016) (awarding half-rate to attorney travel, including to Florida); *Rush v. Scott Specialty Gases, Inc.*, 934 F. Supp. 152, 156 (E.D. Pa.), *order clarified*, 940 F. Supp. 814 (E.D. Pa. 1996) (JOYNER, J.) (awarding full rate for plaintiff's counsel's travel time); *see also Planned Parenthood of Cent. New Jersey v. Attorney Gen. of State of New Jersey*, 297 F.3d 253, 267 (3d Cir. 2002) (travel time is an out-of-pocket expense under § 1988 that is generally recoverable "when it is the custom of attorneys in the local community to bill their clients separately for [it].").  Undersigned counsel is aware, too, of the authority that "'under normal circumstances, a party that hires counsel from outside of the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel.'" *See Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 312 (3d Cir. 2008) (quoting I*nterfaith Community Org. v. Honeywell*, 426 F.3d 694, 710 (3d Cir. 2005)). However, this 'normal' rule may not apply in cases local attorneys are unwilling to take.  *Id.*[2]

---

[2] Despite initial difficulty in locating an attorney, it is not clear that Plaintiff could not have found an attorney who would not have had to travel to Pennsylvania to litigate this case. In addition, because undersigned counsel has an office in Pennsylvania, Plaintiff was not seeking an attorney based out-of-state, nor did he seek out undersigned counsel in particular.  For all of these reasons, in addition to those cited above, Plaintiff does not seek counsel's travel time here.

In this case, adding travel would have added approximately 14 hours to the total hours sought, as Plaintiff's counsel traveled to Philadelphia three times during the course of the litigation; twice for depositions, and once for oral argument on summary judgment. Despite a colorable argument to do so, Plaintiff does not seek the time here in an effort to avoid issues that are likely to cause dispute, such that the matter can be concluded without significant litigation as to the issue of attorneys' fees.

Plaintiff respectfully submits that the time entries detailed in the attached exhibit were reasonably and necessarily incurred in Plaintiff's wholly successful effort to win summary judgment in this matter. Should Defendants raise any specific entries which they believe are unreasonable, Plaintiff will address same in his reply.

### D. **Costs Sought Are Reasonable**.

Plaintiff seeks only those costs recoverable by statute, which include: (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (2) fees and disbursements for printing and witnesses; (3) fees for exemplification and the costs for copies of any materials where the copies are necessarily obtained for use in the case; (4) docket fees; and (6) compensation of court appointed experts. *See* 28 U.S.C § 1920. The costs enumerated in **Attachment 2 to Exhibit A** each fall into these categories. Costs which did not fall into these categories, such as counsel's travel expenses, postage, and telephone charges, are not requested in this fee petition. In addition, counsel eliminated costs for color printing, as no documents required to be printed in color were used in any exhibits in this matter. Still included are charges for black and white printing and copying, as these costs were necessary and related to preparing exhibits for depositions, legal research, preparing materials for oral argument, and review of produced documents necessary to the successful litigation of the case. Also included

are costs of depositions and transcripts of same, all of which were necessary to the case, and nearly all of which were used in Plaintiff's successful motion for summary judgment.  Plaintiff also seeks filing and service costs, as same are also permitted by statute.  *Id.*

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that his attorneys' fees in the amount of $66,130.00, and his taxable costs in the amount of $15,541.59, be awarded, and judgment entered thereon, in addition to any other amounts on which judgment is entered in this matter.

Dated this 14th day of August, 2019.

*/S/ANGELI MURTHY*
ANGELI MURTHY, ESQ.
Pennsylvania Bar No. 93699
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I filed the foregoing Memorandum on the CM/ECF system which will send a notice of electronic filing to all counsel of record, this 14th day of August, 2019.


*/S/ ANGELI MURTHY*_____
**ANGELI MURTHY**