# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON JIMENEZ, | : |
| Plaintiff | : CASE NO.: 2:18-CV-01003-GEKP |
| vs. | : |
| BEST BEHAVIORAL HEALTH CARE, INC., and AMARILIS LAFONTAINE, Individually, | : : |
| Defendants, | : |

## DEFENDANTS BEST BEHAVIORAL HEALTHCARE AND AMARILIS LAFONTAINE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant, City of Philadelphia, files this response in opposition to Plaintiff's Motion for attorneys' fees and costs seeking that this Court deny Plaintiff's motion or, in the alternative, significantly reduce Plaintiff's fees and costs for the reasons set forth more fully in the accompanying Memorandum of Law.

Dated: September 9, 2019

Respectfully submitted,

/S/Lewis P. Hannah
By: Lewis P. Hannah, Esquire
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMON JIMENEZ, | : | |
| Plaintiff | : | CASE NO.: 2:18-CV-01003-GEKP |
| vs. | : | |
| BEST BEHAVIORAL HEALTH CARE, INC., and AMARILIS LAFONTAINE, Individually, | : : | |
| Defendants, | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Defendants, Best Behavioral Healthcare, Inc., and Amarilis LaFontaine responds in opposition to Plaintiff's Motion for Attorneys' Fees and Costs. For the reasons stated more fully below. Plaintiff should be awarded no fees for the technical, *de minimis* victory achieved in this matter. Should the Court determine that Plaintiff's success was not *de minimis,* defendants request that plaintiff's requested attorneys fees and costs are reduced to account for Plaintiff's limited success.

I.  **INTRODUCTION**

On July 7, 2017, Defendants sent to Plaintiff a letter informing him that all of his work was being reviewed since such documents was not completed pursuant to Local and State guidelines. (see attached Exhibit "A").

Plaintiff did not receive payment because he failed to submit necessary documentation as required by Defendants and their funding agency. As a result of Plaintiff's failure to submit his documentation, Defendants and their funding agency conducted an investigation and determined that Plaintiff may have committed fraud or other illegal conduct. All funds for work done by Plaintiff had to be repaid by

1

Defendants. Also this matter was referred to the Pennsylvania Attorney General for further review.

On November 21, 2017, Plaintiff's attorney sent a demand letter to Defendants. The demand letter set forth facts that Plaintiff's hourly wage was $32.00 per hour, and that he worked in excess of 45-55 hours per week. Plaintiff's attorney made a demand of $75,000.00 to settle Plaintiff's claims. (See attached letter hereto as Exhibit "B").

### A. Pleading Stage Through Summary Judgment

On March 8, 2018, Plaintiff filed a lawsuit asserting claims against Best Behavioral Healthcare (BBH), alleging that BBH failed to pay him in violation of (FLSA) and the Pennsylvania Wage Payment and Collection Law (PWPCL). Plaintiffs eight (8) page form complaint set forth very few facts other than that he worked hundreds of hours at a pay rate of $32.00 per hour, between November 2016 and April 2017. (ECF No. 1) No details were set forth regarding Plaintiff's employment or the fact that he failed to comply with the rules and regulations of BBH and did not submit documentation to support any work performed.

On October 5, 2018, Plaintiff filed his Motion for Summary Judgment (ECF No. 21). BBH moved for Summary Judgment on October 11, 2018 by filing an Amended Motion for Summary Judgment (ECF 26).

On February 6, 2019, an Order was signed by the Court which Ordered the parties have a Settlement Conference before Magistrate Judge Timothy R. Rice. (ECF 33). A pre-trail conference was held on March 1, 2019 wherein Judge Rice determined that such conference would not be productive since Plaintiff sought a demand in excess of $50,000.00 and Defendants indicated they could not offer such amount since they did not have the funds to pay such an award.

On June 4, 2019, the Court granted Plaintiff's Motion for Summary Judgment granting back pay of $8,170.75 for his FLSA claim. (ECF 37).

## II. ARGUMENT

### A. Plaintiff Is Not Entitled to Attorneys Fees for his *De Minimis* Victory.

#### 1. Legal Standard

In *Farrar v. Hobby*, the Supreme Court held that a civil rights plaintiff who wins nominal damages is still considered a "prevailing party." 506 U.S. 103, 112 (1992). Despite this "prevailing party" status, however, the technical nature of a nominal damages award "bear(s) on the propriety of [attorney's] fees." *Id.* 114. In determining the reasonableness of fees, the Supreme Court held that the most critical factor was the "the degree of success obtained." *Id.* Under this general principle, Courts must weight "the amount of damages awarded as compared to the amount sought" as calculating fees under the traditional lodestar may result in an excessive amount. *Id.* The Supreme Court was particularly instructive in this regard:

> "[w]hen a plaintiff recovers only nominal damages because of [her] failure to prove an essential element of [her] claim for monetary relief, **the only reasonable fee is usually no fee at all.**"

*Id.* at 115 (emphasis added) (internal citation omitted).

In *Velius v. Twp. of Hamilton*, the Third Circuit further clarified the standard for deciding attorneys' fees in cases of nominal damages. There the Circuit Court vacated the District Court's award of attorneys' fees where a plaintiff prevailed on his §1983 claims against two police officers but was awarded only nominal damages of $1.00 by the jury. *Velius v. Twp. of Hamilton*, 466 F. App'x 133 (3d Cir. 2012). Although the plaintiff had requested $82,600 in attorneys fees and been granted only a "low fee" of $2,259 by the district court, the Third Circuit was concerned that the district court may have erroneously analyzed the fee petition by ignoring the presumption of "no fees" set forth in *Farrar*. See Id. at 141. The Circuit Court held unequivocally that **"a nominal damages award is presumptively a technical victory that does not merit an award of attorney's fees."** *Id.* at 140-141. *(emphasis added).

The Third Circuit also reiterated that when a trial court "determines that no fee or a low fee is proper, *Farrar* **eliminates the need to apply multi-factor tests or calculate the lodestar."** *Id.* at 141. (emphasis added). Post *Velius*, courts in the Third Circuit have followed the presumptive "no fee" standard and have declined to award attorneys fees in

3

nominal damages cases. See e.g., *Yarnall v. Phila. School District.,* 203 F.Supp. 3d 558, 565 (E.D. PA. 2016) (Caucasian teachers who received only nominal damages on their race-based hostile work environment claim against school district under Title VII were not entitled to attorneys fees, where jury determined teachers failed to prove actual, compensable injury, nominal damages award was a mere .0015 percent of the teacher's demand for damages, teachers' Title VII claim was not novel, and did not stand out in any significant way from any other Title VII hostial work environment actions, and verdict on the Title VII claim did not accomplish some public goal sufficient to justify an award of fees); *Carroll v. Clifford Twp.,* No. 12-0553, 2014 WL 2860994 (M.D. Pa. June 23, 2014), *aff'd* in part, *vacated* in part 625 F. App'x 43, 47 (3d Cir. 2015) (holding plaintiff's award of nominal damages justified denial of attorney's fees); *Jordan ex rel. Arenas-Jordan v. Russo,* No. 09-88, 2014 WL 869482, at *7 (W.D. Pa. Mar. 5, 2014) (Finding that a no fee award was appropriate where plaintiffs were awarded $2 at trial); *Anderson v. City of Phila.,* No 11-4623, 2013 WL 1008062, at *7 (E.D. Pa. Mar. 14, 2013) (referring to *Velius* as the Third Circuit's controlling precedent on this issue, denying plaintiff's motion for attorney's fees).

Here Plaintiff obtained a technical victory because BBH withheld all funds of Plaintiff because of his inadequate job performance, and false documents he submitted to BBH. Plaintiff's award of $8,170.75 was less than 10% of his demand of $75,000.00. Plaintiff also made representations that he worked hundreds of hours without pay at $32.00 per hour when his award was based on the minimum wage of $7.25 per hour. Under the Supreme Court's unambiguous instruction in *Farrar* and the Third Circuit's controlling precedent in *Velius,* Plaintiff's nominal damages award makes attorney's fees presumptively inappropriate.

### B. Plaintiff's Total Fee Award Should be Reduced to Account for his Limited Success on the Claims Litigated in this Case.

The lodestar amount equals attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Pennsylvania Environmental Defense Foundation,* 152 F.3d 228, 231 (3d Cir. 1998). The party seeking attorney's fees must establish the reasonableness of its fee request by submitting evidence of the hours worked

and the hourly rate claimed. *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990). Once the adverse party raises objections to the fee request, the court has a great deal of discretion to adjust the fee award in light of those objections. *Bell v. United Princeton Prop., Inc.* 884 F.2d 713, 721 (3d Cir. 1989).

Here, even if the court determines that Plaintiff is entitled to fees -- which BBH believes he is not -- the loadstar amount should be reduced to account for Plaintiff's limited success in this matter. "Once the Court has calculated the lodestar it may adjust that amount, primarily based upon the degree of success that the plaintiff obtained." *Pennsylvania Environmental Defense Foundation,* 152 F.3d at 232. This adjustment is taken "independently" of any previous lodestar adjustments. See *Rode,* 892 F.3d at 1183. Furthermore, the court should reduce or strike hours spent on tasks that are distinct from the legal claims on which the party did succeed. See *Rode,* 892 F.2d at 1183. For example, in *Younger v. City of Philadelphia,* 1990 WL 87378, *3 n. 7 (E.D. Pa. 1990), the court refused to reimburse plaintiff for time spent on a motion for sanctions that was eventually denied. See also *Rode,* 892 F.2d at 1186 (disallowing recovery for work on motions that did not impact the result of the litigation).

In *Hensley v. Echerhart,* the Supreme Court "clarif[ied] the proper relationship of the results obtained to an award of attorney's fees." 461 U.S. 424, 433 (1983). The Court explained that, after arriving at the lodestar amount, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained." *Id.* at 434. The "results obtained" analysis may be applied, inter alia, to cases in which "the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories." *Id.* at 435. Under such circumstance, "the district court should focus on the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* Moreover, Third Circuit precedent confirms the well-established principle "that the amount of compensatory damages awarded may be taken into account when awarding attorney's fees to a civil rights plaintiff." *Washington v. Philadelphia Cty. Court of Common Pleas,* 89 F.3d 1031, 1041-42 (3d Cir. 1996) (quoting *Abrams v. Lightolier,* 50 F.3d 1204, 1222 (3d Cir. 1995).

5

If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole [multiplied by] a reasonable hourly rate may be an excessive amount." *Hensley,* 461 U.S. at 436. Importantly, "[t]his will be true even where the plaintiff's claims were interrelated . . . ." *Id.*; see also *Clarke v. Whitney,* 3 F. Supp. 2d 631, 636 (E.D. Pa. 1998) (loadstar reduction for limited results obtained applied to cases where unsuccessful claims are related to successful claims). **"The most critical factor in determining a fee award's reasonableness is the degree of success obtained, since a fee based on the hours expended on the litigation as a whole may be excessive if a plaintiff achieves only partial or limited success."** *Farrar* (citing *Hensley,* 461 U.S. 424, 436 (1983) (emphasis supplied).

Applying these principles, courts significantly reduce the lodestar in cases in which a plaintiff fails to prevail on related legal claims and/or recover significant damages. See, e.g., *Orson, Inc. v. Miramax Film Corp.,* 14 F. Supp. 2d 721, 727 (E.D. Pa. 1998) (reducing lodestar by 75%); *Clarke,* 3 F. Supp. 2d at 636-37 (reducing lodestar by 25%)' *Schofield v. Trustees of University of Pennsylvania,* 919 F. Supp. 821, 831-32 (E.D. Pa. 1996) (reducing lodestar by "two-thirds"); *Planned Parenthood of Southeastern Pa v. Casey,* 869 F. Supp. 1190, 1198-99 (E.D. Pa. 1994), aff'd, 60 F. 3d 816 (3d Cir. 1995) (reducing lodestar by 60%); *Rainey v. Philadelphia Housing Auth.,* 832 F. Supp. 127, 131-32 (E.D. Pa. 1993) (reducing lodestar by 60%); *Davis v. Southeastern Pennsylvania Transportation Authority,* 735 F. Supp. 158, 161-62 (E.D. Pa. 1990), aff'd, 924 F.2d 51 (3d Cir. 1991) (reducing lodestar by "two-thirds").

The court may deduct hours when the fee motion inadequately documents the hours claimed. *Rode,* 892 F.2d at 1183 citing Hensley, 461 U.S. at 433. In this instant matter, Plaintiff's counsels' fee explanation is not sufficiently detailed to show what hours they spent working on various portions of this case. For instance, counsel has consistently bundled time spent on: groups of tasks and many services are excessive. 1/17/18, 7/3/18, 7/17/18, 7/19/18, 7/24/18, 8/9/18, 8/24/18, 8/24/18, 8/31/18, 8/31/18, 9/20/18, 9/21/18, 10/4/18, 10/29/18, 10/30/18, 10/31/18, 11/1/18, 11/21/18, 1/17/19, 1/18/19, 2/27/19, 8/6/19, 8/8/19, 8/10/19 8/12/19. Counsel further seeks fees for services provided prior to filing suit 10/27/17, 10/30/17, 11/15/17. Further motions to compel filed by counsel seeking P & P Manual were not successful.

6

## 2. The Requested Costs are Unreasonable and Should be Reduced.

Lastly, BBH takes issue with the bill of costs, which totaled $15,541.59. First BBH asks the Court to note that, as described more fully above, the majority of Plaintiff's claim was limited and the State claim was dismissed. Therefore any costs associated with the unsuccessful claims are unreasonably and should remain with the Plaintiff.

Further, Plaintiff's cost explanations are not sufficiently detailed so that one is able to discern which costs relate to which services. For example, Plaintiff's Counsel claims costs for deposition totaling $13,048.59. This should be reduced since deposition cost for Dr. Willie Brown, Mark Purdy, Jenny Ramirez, Marilyn Salcedo, and Dominique Dominquez served no purpose, in advancing Plaintiff's claims. These employees had little, if any, contact with Plaintiff. These employees were able to substantiate for BBH that Plaintiff did not work the hours he alleged in his Complaint. Also, they further provided testimony which showed that Plaintiff did not complete his documentation and had his own clients coming to BBH.


Dated: September 9, 2019              Respectfully submitted,


                              BY:    /s/Lewis P. Hannah
                                     Lewis P. Hannah, Esquire
                                     Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed the foregoing Memorandum on the CM/ECF system which will send a notice of electronic filing to all counsel of record, this 9th day of September, 2019.

/s/ LEWIS P. HANNAH, ESQUIRE
LEWIS P. HANNAH, ESQUIRE

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMON JIMENEZ, | : | |
| Plaintiff | : | CASE NO.: 2:18-CV-01003-GEKP |
| vs. | : | |
| BEST BEHAVIORAL HEALTH CARE, INC., and AMARILIS LAFONTAINE, Individually, | : | |
| Defendants, | : | |

## ORDER

NOW, this _____ day of _____, 2019, upon consideration of Plaintiff's Motion for Attorneys' Fees and Costs, and any response thereto, it is hereby **ORDERED** that the Plaintiff's Motion is **DENIED**.

BY THE COURT:

_____
Gene E.K. Pratter, Judge