# EXHIBIT B

# MORGAN & MORGAN®
*Attorneys At Law*

600 N. PINE ISLAND ROAD, SUITE 400
PLANTATION, FL 33324
(954) 318-0268
FAX: (954) 327-3011

November 21, 2017

**VIA CERTIFIED & REGULAR US MAIL**

*7727245*
Amarilis Lafontaine
Individually & on behalf of Best Behavioral Healthcare, Inc.
5043 Frankford Avenue
Philadelphia, PA 19124

**RE:   RAMON JIMENEZ - UNPAID WAGES, BREACH OF CONTACT AND UNJUST ENRICHMENT**

Dear Ms. Lafontaine:

The undersigned represent the interests of your former employee, Ramon Jimenez, whose wages have been unlawfully retained. We are writing because the recipient of this letter unlawfully has withheld, and continues to withhold, over $14,000 in wages, which Mr. Jimenez earned during his employment. The failure to pay these wages violates Pennsylvania Minimum Wage Act ("MWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), the Fair Labor Standards Act, 29 U.S.C. §§206 and 207 (the "FLSA"), breaches the employment contract, and has unjustly enriched the employer at Mr. Jimenez's expense.

With respect to the claim under the FLSA, the Company's failure to pay Mr. Jimenez **at all** for the significant hours he worked from November 2016 to April 10, 2017, resulted in a serious deficiency not only in minimum wages, but also as to overtime compensation due to Mr. Jimenez. Because Mr. Jimenez's contract specifies that his $32.00 hour/patient salary is based on a 46 hour week, having lost any potentially applicable exemption through non-payment of the wages, not only is Mr. Jimenez owed his hourly wages for the weeks he worked, but also the overtime premium, at a rate of $48.00 per hour, for all of his overtime hours.

As you may know, under the FLSA, MWA, and WPCL, individual defendants may be held liable for corporate actions taken in violation of the law. The FLSA also provides for liquidated damages, which would double the amount of damages that my client is owed. Furthermore, the FLSA provides that if a lawsuit is filed against the Company and an individual(s) and my client prevails, both the Company and the individual(s) would be liable for any overtime compensation owed to my client, liquidated damages, <u>and</u> my client's attorneys' fees and costs. There is no corporate

www.forthepeople.com

ATLANTA, GA ♦ BOWLING GREEN, KY ♦ COLUMBUS, GA ♦ DAYTONA BEACH, FL ♦ FT. MYERS, FL ♦ JACKSON, MS ♦ JACKSONVILLE, FL ♦ KISSIMMEE, FL ♦ LAKELAND, FL
LEXINGTON, KY ♦ LOUISVILLE, KY ♦ MELBOURNE, FL ♦ MEMPHIS, TN ♦ MOBILE, AL ♦ NAPLES, FL ♦ NASHVILLE, TN ♦ NEW YORK, NY ♦ ORLANDO, FL ♦ PENSACOLA, FL
PLANTATION, FL ♦ PRESTONSBURG, KY ♦ ST. AUGUSTINE, FL ♦ ST. PETERSBURG, FL ♦ SARASOTA, FL ♦ SAVANNAH, GA ♦ TALLAHASSEE, FL ♦ TAMPA, FL ♦ TAVARES, FL
THE VILLAGES, FL ♦ WEST PALM BEACH, FL ♦ WINTER HAVEN, FL

Best Behavioral Healthcare, Inc.
November 21, 2017
Page 2

protection, and any personal assets of the individual(s) may therefore be seized if my client prevails. Under the regulations implementing the FLSA, recovery of overtime premium due in a workweek means also recovering any unpaid regular pay that is owed in that workweek. As such, should Mr. Jimenez prevail on his FLSA claim, he will be entitled to his full wages, overtime, and likely liquidated damages on the entire amount, as well.

This Notice is being provided to you on the basis of facts available at this time to Mr. Jimenez. (The use of "you" or "your" and "Company" in this demand notice refers to Best Behavioral Healthcare, Inc., and also includes any individuals who could be held personally liable under applicable Pennsylvania law.). If you contend that the total amount estimated to be due to Mr. Jimenez or the demands asserted herein are incorrect for any reason, we expect that you will furnish us with information and documentation on which your contention is based prior to the deadline for payment under this letter and the applicable law.

## I.      FACTUAL BACKGROUND

Mr. Jimenez entered into a contract for hire with Behavioral Healthcare, Inc. ("BHI"), in October, and he began working with BHI on November 11, 2016. The offer pursuant to which Mr. Jimenez began working entitled Mr. Jimenez to an hourly rate of $32.00 hour/patient. However, when he inquired as to why he was not paid initially, Mr. Jimenez was told that the first 3 weeks would be held and he would be paid the next week. Unfortunately, and unlawfully, despite working for over 45-55 hours per week, acting as a mental health provider, and performing evaluations, treatment plans and recovery plans, and doing other work for the Company, without issue, Mr. Jimenez was not paid at all.

In April, 2017, Mr. Jimenez left BHI due to nonpayment of wages. These actions violate Pennsylvania and Federal laws.

## II.     ESTIMATION OF DAMAGES

Based on the promised wages ($1,472.00 per week) and the overtime premium due thereon ($96.00/week), over the course of 23 weeks, Mr. Jimenez is owed $36,064.00 in wages and overtime alone. The law also provides for liquidated damages in this situation, making the damages exceed $72,000.00.

## III.    DEMAND

**In an effort to avoid litigation and the resulting attorneys' fees and costs, Mr. Jimenez hereby makes formal written demand for $75,000.00 to be due and paid by you within 30 days of your receipt of this demand, by check payable to Morgan & Morgan, P.A., representing Mr.**

Best Behavioral Healthcare, Inc.
November 21, 2017
Page 3

**Jimenez's unpaid wages, liquidated damages, and attorneys' fees/costs. The check may be sent to my office at 600 North Pine Island Road, Suite 400, Plantation, Florida 33324.** If you comply with this demand within 30 days after receipt of the demand, then you shall be given a written release from further civil liability for the specific act of breach of contract and unjust enrichment by Mr. Jimenez, as this amount would also fully compensate the claim under the FLSA. Mr. Jimenez would also provide a release for all claims regarding minimum wages, overtime, and liquidated damages under that statute.

**If we are able to resolve these claims at this early stage, Mr. Jimenez will agree to cover his own attorneys' fees and costs.** If you dispute any of the amounts above, this letter will also serve as a demand upon you to provide proper documentation showing that Mr. Jimenez is not entitled to the amount(s) claimed. Mr. Jimenez would like to resolve this matter short of litigation, if possible, and simply wants to be compensated fairly for the work he has performed. As such, we hope to hear from you regarding potential early resolution of this matter.

## IV.  NO CONTACT AND/OR RETALIATION

On a related note, we respectfully request that you do not contact or attempt to contact our client directly regarding this matter. To that end, please direct any and all communication or payments regarding this matter directly to the undersigned. In addition, please be aware that the law, including laws protecting whistleblowers, and public policy prohibits anyone from discriminating or retaliating against a current or former employee for pursuing their right to unpaid wages, or for reporting a crime. Therefore, to the extent any attempt is made to penalize, discipline, punish, threaten, intimidate, or discriminate against our client, we will pursue a claim for retaliation.

Thank you for your immediate attention to this very important matter. Please provide your written response to my attention at the address above, or by email at amurthy@forthepeople.com. My office number is (954) 318-0268.

Sincerely,

MORGAN & MORGAN, P.A.

By: _____
Angeli Murthy, Esq.
*Counsel for Ramon Jimenez*