IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAMON JIMENEZ,

      Plaintiff,

                                CASE NO.:   2:18-CV-01003-GEKP

vs.

BEST BEHAVIORAL HEALTHCARE,
INC.; and AMARILIS LAFONTAINE,
Individually,

      Defendants.
_____/

**REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR
REASONABLE ATTORNEYS' FEES AND COSTS**

**I.**      **INTRODUCTION**

As an initial matter, Defendants make no argument in opposition, and therefore concede, that undersigned counsel's requested rate is reasonable. As such, Plaintiff need only address on reply Defendants' arguments in support of reduction, or elimination, or Plaintiff's claimed attorneys' fees. Defendants make three main arguments in this regard. First, Defendants argue that Plaintiff's victory was nominal, eliminating the fee entitlement. This argument fails as a matter of law. Moreover, Plaintiff made several offers to resolve this matter for significantly less throughout the life of the litigation, including prior to summary judgment, and after argument on summary judgment, and Defendants rebuffed settlement efforts. Thus, the case is distinguishable from those cited in Defendants' brief, in which plaintiffs demanded exorbitant damages throughout the cases, and recovered only a tiny fraction of same. Here, Plaintiff did not achieve limited or nominal/*de minimis* success, because he was awarded 100% of the damages he sought at summary judgment, and more than he sought in settlement of the claim. Second, Defendants argue that Plaintiff achieved limited success. Defendants do not set forth the basis

for this argument. However, to the extent the argument is related to the state law Pennsylvania Wage Payment and Collection Law (PWPCL) claim it is without merit. Plaintiff eliminated all hours spent on the state law claim, which the parties agreed to dismiss *without* prejudice, *after* Defendants' motion for summary judgment on that claim was *denied*. Third, Defendants argue that Plaintiff's counsel's hours are inadequately documented, but fail to specifically identify any time entry which is objectionable, beyond setting forth a list of dates. This objection is insufficiently specific to support a fee reduction as to any specific hours on any specific dates. Defendants also take issue with Plaintiff's costs, but these objections are meritless. As such, Plaintiff's fee petition is due to be granted in its entirety.

## II.    ARGUMENT

### A.  Plaintiff's Award Is Not Nominal.

Unlike the cases Defendants cite, in which plaintiffs were awarded $1.00, or an amount that was less than .02% of the damages sought, here, Plaintiff was awarded over $8,000.00, in the exact amount he requested on summary judgment. Moreover, Plaintiff has a pending motion for liquidated damages, in response to which Defendants have mounted no credible opposition, and which is due to be granted. As such, Plaintiff expects that his award will be over $16,000.00. As a matter of law, these damages are not the type of "nominal" damages that justify elimination of the fee entitlement. *See, e.g., Styers v. Pennsylvania*, 621 F. Supp. 2d 239, 242 (M.D. Pa. 2008) (comparing situation in *Farrar*, in which plaintiff claimed $17 million and was awarded $1 to the case before the court, in which the plaintiff sought $100,000.00 and was awarded $20,001.00, which was more than a purely technical victory); *Schofield v. Trustees of Univ. of Pennsylvania*, 919 F. Supp. 821, 827 (E.D. Pa. 1996) (where plaintiff was awarded 2% of the damages sought and defendants claimed same were 'nominal,' "the easy distinction

between the instant case and *Farrar* is that Ms. Schofield was not awarded nominal damages, but instead persuaded the jury that she incurred compensable injuries as a result of the defendant's conduct"). Plaintiff recovered 100% of the damages he sought during the litigation, and secured meaningful relief in the form of payment for work for which he previously was completely uncompensated. The award is not nominal.

If Plaintiff had persisted in demanding $75,000.00 throughout the life of the litigation, Defendants *may* have had a point, as several cases Defendants cite rely on the vast difference between the amounts sought in settlement or at trial and the amount awarded. *See, e.g., Carroll v. Clifford Twp.*, 625 F. App'x 43, 46 (3d Cir. 2015) (eliminating fee entitlement after $1 award where the damages "are a minute fraction of those that were sought" and noting that the plaintiff "turned down a Rule 68 offer of judgment of $10,000."); *Yarnall v. Philadelphia Sch. Dist.*, 203 F. Supp. 3d 558, 566 (E.D. Pa. 2016) (eliminating fee entitlement where plaintiffs sought over $150,000 in their complaint and "during settlement conferences they demanded as much as $200,000 from SDP. The jury awarded them nominal damages totaling $3, a mere .0015 percent of the larger demand."). Here, the situation is quite the opposite.

In August 2018, Plaintiff offered to resolve this matter in its entirety, inclusive of fees, for $22,500.00. *See* communication from Angeli Murthy, Esq. to Lewis P. Hannah, Esq., dated August 7, 2018, attached hereto as **Exhibit A**. This communication specifically noted that fees would continue to rise if the matter could not resolve.

> Good afternoon Mr. Hannah,
>
> In an effort to resolve this matter before my fees become an impediment to resolution, and before we incur additional and significant costs in discovery, I write to advise that I am authorized to resolve this matter for a total of $22,500, inclusive of claims for wages, liquidated damages, and attorneys' fees and costs.

Please let me know your client's response as soon as possible. Thanks very much.

On August 30, 2019, after additional depositions had taken place and briefing on the initial summary judgment motion was complete, Defendants' counsel stated that he did not have authority to do so, but would try to get his client to offer $4,000.00, inclusive of fees and costs, to resolve the matter. *See* communication from Lewis P. Hannah, Esq., to Angeli Murthy, Esq., dated August 30, 2018, attached hereto as part of **Exhibit B.**[1]

The very next day, at 4:40 p.m., undersigned counsel responded:

Good afternoon Mr. Hannah,

I have spoken with my client. Our attorneys' fees are in excess of $30,000 at this time, including $3,000 in actual hard-costs. While I understand that your email below was more of a feeler, and not an offer per se, I have been authorized to present the following demand in response:

My client will accept $6,000 in satisfaction of his claims for wages, and will execute a mutual general release.

We will agree to a compromise of attorneys' fees at $25,000.00. For a total demand of $31,000.00.

If your client would prefer, we are amenable to resolving the wage/mutual release issue at $6,000 (or another number mutually agreeable to our clients), and then submitting a petition for fees separately to the Court for a determination of same.

This offer will expire at COB Tuesday, as once I fly to Philadelphia for the remaining depositions, our fees will increase significantly, and we will not be able to offer to resolve same for at or less than $30,000.00. Even though I will do significant work preparing for these depositions over the weekend, I am not including that time in the current demand, as I believe that both of our clients would be well-served to resolve their differences without further litigation.

*See* communication from Angeli Murthy, Esq. to Lewis P. Hannah, Esq., dated August 31, 2018, at 4:40 p.m., attached hereto as part of **Exhibit B.**

---

[1] We also note that the email below that from Defendants' counsel further demonstrates that Plaintiff's counsel was attempting to secure agreement on issues such as enterprise coverage, in order to limit fees and motion practice in the matter, but Defendants refused to stipulate to same.

Defendants' counsel responded **two minutes later**, stating simply, "Your offer is rejected[.]" *Id.* at communication from Lewis P. Hannah, Esq., to Angeli Murthy, Esq., dated August 31, 2018, at 4:42 p.m. Defendants broached no further settlement discussions prior to summary judgment. Thereafter the Parties requested a settlement conference with Judge Rice, after summary judgment briefing and oral argument on same, Judge Rice indicated that he would not hold the conference unless Plaintiff was willing to reduce his demand to $60,000.00 (inclusive of fees and costs) and Defendants would raise their offer to $30,000.00. Plaintiff agreed to the request, but Defendants refused, so the conference did not take place.[2]

As such, Plaintiff respectfully submits that his victory is neither nominal, nor *de minimis*, and fees should be awarded.

### B. Plaintiff Did Not Achieve Partial Success, And No Reduction Is Warranted on That Theory.

Defendants dedicate an entire section of their brief to the principle of reduction of fees for "partial or limited success," without ever identifying the grounds upon which Plaintiff is alleged not to have won a full victory in securing 100% of the damages sought during the litigation. Plaintiff surmises that Defendants may refer to the PWPCL claim which he chose to dismiss. To the extent Defendants do mean to reference the dismissed state-law claim, Plaintiff notes that all hours spent on that claim were already eliminated from the fee petition, and Defendants identify no specific hours related to that claim which remain to be eliminated.

Importantly, because that claim was dismissed *without* prejudice, and Plaintiff defeated summary judgment as to that claim, it cannot be said that Plaintiff was defeated or had an adverse ruling. Rather, he elected not to pursue that claim further (although he retains the right

---

[2] Ordinarily, Plaintiff's counsel would not have included this information, but does so here, because Defendants' representation that Judge Rice canceled the conference because "Plaintiff sought a demand in excess of $50,000.00 and Defendants indicated they could not offer such amount" is simply wrong.

to pursue the claim in state court at a later date), and eliminated hours spent on that claim from his fee petition. Defendants cite to no cases which suggest that it would be appropriate to further reduce the amount of a fee petition in such a circumstance. In fact, nearly every case upon which Defendants rely involve numerous claims, and plaintiffs who received adverse rulings upon one or more claims, and/or where plaintiff argued in settlement talks or to a judge or jury for significantly more damages than awarded. *See Clarke v. Whitney*, 3 F. Supp. 2d 631, 634 (E.D. Pa. 1998) (plaintiff received adverse rulings on ADA and PHRA claims and prevailed only on his wage claim); *Orson, Inc. v. Miramax Film, Corp.*, 14 F. Supp. 2d 721, 723 (E.D. Pa. 1998) (plaintiff lost nearly all claims at summary judgment, and "only one portion of one of the counts in plaintiff's complaint ever even made it to trial…"); *Schofield v. Trustees of Univ. of Pennsylvania*, 919 F. Supp. 821, 825 (E.D. Pa. 1996) (defendants' motion to dismiss tort claims was granted and jury found against plaintiff on certain claims for harassment and retaliation, ruling for plaintiff on two of her claims but only 2% of the damages sought for even those claims on which she prevailed); *Planned Parenthood of Se. Pennsylvania v. Casey*, 869 F. Supp. 1190, 1193 (E.D. Pa. 1994), *adopted in part,* 60 F.3d 816 (3d Cir. 1995) (plaintiffs challenged five provisions of a law as unconstitutional, and succeeded in securing a ruling as to the unconstitutionality of one provision); *Rainey v. Philadelphia Hous. Auth.,* 832 F. Supp. 127, 128 (E.D. Pa. 1993), *on reconsideration in part,* No. CIV. A. 92-6815, 1994 WL 13828 (E.D. Pa. Jan. 19, 1994) (plaintiff lost claims for treble damages and punitive damages); *Davis v. Se. Pennsylvania Transp. Auth.,* 735 F. Supp. 158, 159 (E.D. Pa. 1990), *aff'd,* 924 F.2d 51 (3d Cir. 1991) (where plaintiff sought over $600,000 from the jury, and court entered conclusions of law in favor of defendants, but jury returned verdict of $10,000.00 for plaintiff, court found that this was objectively not a "good result" for the plaintiff, and also noted in *dicta* that the verdict was

not a true win, but a compromise, because if plaintiff had suffered discrimination, her damages would have been much higher). These cases are inapposite, and not a basis to reduce fees here.

### C. Defendants' Objections Are Insufficiently Specific to Merit Any Reduction In Fees, As All Time Incurred Was Reasonably Necessary to the Litigation.

Where Plaintiff has set forth a basis for a fee entitlement, the opposing party may challenge the reasonableness of the requested fee by submitting affidavits or briefs of sufficient specificity to give the petitioning party notice. *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990); *Bell v. United Princeton Props.,* Inc., 884 F.2d 713, 720 (3d Cir. 1989). Defendants simply fail to meet this burden. Rather, Defendants claim, without any support, that "Plaintiffs [sic] counsels' [sic] fee explanation is not sufficiently detailed to show what hours they spent working on various portions of this case. For instance, counsel has consistently bundled time spent on: [sic] groups of tasks and many services are excessive." Had there been a list after the colon, undersigned counsel may have been able to address a purported issue in the bills. As it stands, the list of dates does not provide any notice of the entries alleged to be defective, or why they are allegedly inadequate. As a matter of law, these purported objections cannot be the basis for a fee reduction. *Ward v. Philadelphia Parking Auth.,* No. CIV.A. 11-4692, 2015 WL 263733, at *8 (E.D. Pa. Jan. 21, 2015), *aff'd,* 634 F. App'x 901 (3d Cir. 2015)[3] ("Once the adverse party raises objections, the court has discretion to adjust the fee award downward in light of the specific objections raised."); *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 720 (3d Cir.1989) (explaining that "the adverse party's submissions cannot merely allege in general terms that the time spent was excessive"); *Styers v. Pennsylvania*, 621 F. Supp. 2d 239, 244 (M.D. Pa. 2008) (the statement that "many of the hours ... are clearly excessive given the nature of the work performed ...." is insufficiently specific to merit a reduction in fees). Plaintiff's counsel stands

---

[3] *Ward* is also an excellent example of the specificity required as to objections, a standard Defendants do not meet here. 2015 WL 263733, at *8-13.

by her careful and contemporaneous documentation, and respectfully submits that Defendants present the Court with no basis to reduce same for insufficient specificity or excessive hours.[4]

### D. Plaintiff's Costs Are Reasonable.

Defendants object only to deposition costs, so Plaintiff addresses only those in this reply. Throughout this litigation, Defendants refused to stipulate to enterprise coverage, or to admit that Plaintiff was their employee, entitled to some wage for the hours he worked. Defendants' witnesses identified other witnesses who needed to be deposed, several of whom provided valuable testimony as to Defendants' structure, treatment of its other employees, control over Plaintiff's employment, and knowledge of Plaintiff's hours, and knowledge of Defendants' connection to interstate commerce. Had the case proceeded to trial, the testimony of these witnesses could not be left to chance. Undersigned counsel sought to be extremely efficient, with many depositions lasting less than three hours, and one less than one hour. Six deposition transcripts were used in support of Plaintiff's motion for summary judgment. *See* D.E.s 21-7, 21-9, 21-10, 21-12, 21-25 and 21-26. In addition, Plaintiff had to order the transcripts for all of the depositions, as two additional deposition transcripts were used in support of Defendants' motion for summary judgment. The only witness whose deposition transcript was not used at all was that of Dr. Willie Brown, who admitted to assigning Plaintiff work, and whose testimony would have been used at trial had Plaintiff not prevailed at summary judgment. All costs were necessary to the excellent result obtained: 100% recovery of Plaintiff's alleged damages.

---

[4] Plaintiff notes his disagreement with the position that the motion to compel was unsuccessful, as it was denied as moot and Defendant BBH was ordered to produce an representative to testify regarding the subjects raised therein that had not already been resolved. D.E. 17. Plaintiff also notes that the motion was successful in getting Defendants to produce certain documents they had not previously produced prior to the hearing on the motion. Given the hours at issue, and out of respect for the Court's time and resources, Plaintiff does not attach all of the correspondence showing this additional production, but can do so if the Court believes same would be helpful in reaching a resolution as to the hours related to this motion.

### III. CONCLUSION

Defendants' response to Plaintiff's fee petition fails to set forth any applicable grounds to reduce or deny Plaintiff's petition for attorneys' fees. This is an action that Defendants chose to litigate to the hilt, despite having ample opportunity to resolve the matter for far less earlier in the litigation, including an offer which would have provided less money to Plaintiff than he secured at summary judgment, with the Court determining fees at a stage when they were half of what they now are. Defendants also refused Judge Rice's invitation to hold a settlement conference within a $30,000-60,000 bracket (inclusive of all damages and fees) even after oral argument on summary judgment. Plaintiff is not the unreasonable party here. His attorneys' fees are reasonable and necessarily incurred in securing 100% of the relief he sought. As such, Plaintiff respectfully submits that his Motion for Reasonable Attorneys' Fees and Costs should be granted in its entirety.

Respectfully submitted this 17th day of September, 2019.

/s/Angeli Murthy
ANGELI MURTHY, ESQ.
Pennsylvania Bar No. 93699
MORGAN & MORGAN, P.A.
600 N Pine Island Road, Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2019, the foregoing was electronically filed using the CM/ECF system, which will transmit notification of such filing, constituting service thereof, to the following:

Lewis P. Hannah, Esq.
1420 Walnut Street, Suite 815
Philadelphia, PA 19102
lphcourtfilings@verizon.net
lhannah969@aol.com

*Attorneys for Defendants*

                                           /s/Angeli Murthy
                                           ANGELI MURTHY, ESQ.