# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMON JIMENEZ, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BEST BEHAVIORAL | : | |
| HEALTHCARE, INC. et al., | : | No. 18-1003 |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                                                    DECEMBER 3, 2019

By way of Memorandum Opinion dated June 4, 2019, the Court granted Plaintiff Ramon Jimenez's motion for summary judgment, finding that he was an employee under the Fair Labor Standards Act and therefore entitled to backpay and overtime pay in the amount of $8,170.75. In that Opinion, the Court also denied Defendant Best Behavioral Healthcare, Inc. and Defendant Dr. Amarilis LaFontaine's joint motion for summary judgment on Mr. Jimenez's claim for backpay under the Pennsylvania Wage Payment and Collection Law.[1]

The parties have since stipulated to the dismissal of Mr. Jimenez's state law claim. Now, the Court is left to decide Mr. Jimenez's motions for (1) liquidated damages in the amount of $8,170.75 and (2) attorney fees in the amount of $66,130.00 and costs in the amount of $15,541.59. For the reasons that follow, the Court grants the motion for liquidated damages in its entirety and grants in part and denies in part the motion for attorney fees and costs.[2]

## MOTION FOR LIQUIDATED DAMAGES

### I.  Parties' Arguments

---

[1] Hereinafter, the Court shall refer to the defendants collectively as "Best Behavioral Healthcare, Inc."

[2] In the previous Memorandum Opinion on the motions for summary judgment, the Court set forth the background of this case at length. For purposes of this Memorandum, the Court does not reiterate the background set forth therein.

1

With respect to the motion for liquidated damages, Mr. Jimenez contends that Best Behavioral Healthcare, Inc. cannot demonstrate its burden of subjective good faith and objective reasonableness, which it must do to avoid paying liquidated damages under the FLSA. In support, Mr. Jimenez points to the lack of any pleading of the good faith defense and further, the absence of evidence proffered to demonstrate objective reasonableness. Mr. Jimenez also claims Best Behavioral Healthcare, Inc. did not engage in any objective reasonableness because (1) it utterly failed to pay him for his work and (2) took no action to determine its compliance with the FLSA.

In rebuttal, Best Behavioral Healthcare, Inc. asserts it has demonstrated good faith and objective reasonableness because it hired Mr. Jimenez as a 1099 independent contractor pursuant to the typical industry practice. Moreover, it contends that it did not consider Mr. Jimenez an employee on reasonable grounds because it relied on advice from its CPA, and even Mr. Jimenez believed he was hired and would be paid as an independent contractor. Best Behavioral Healthcare, Inc. also argues that "unknown to Defendants, Plaintiff was submitting false and inaccurate time sheets to Defendants' funding source and he had no intention of correcting his work and only sought to be paid." Defs.' Response to Pl.'s Mot. for Liquidated Damages (Doc. No. 46), p. 2.

## II. Discussion

Under the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.*, an employer who violates the minimum and overtime wage provisions of the Act must make payment for unpaid wages and liquidated damages in the same amount. *See Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991) (citing 29 U.S.C. § 216(b)); *see also Schonewolf v. Waste Mgnt., Inc.*, No. 17-3745, 2018 WL 1381133, at *5 (E.D. Pa. Mar. 19, 2018) (noting that liquidated damages under the FLSA are compensatory). Despite the mandatory language of the statute, a court may exercise

its discretion and limit or altogether decline to award liquidated damages if an employer shows that (1) it acted in good faith and (2) it had reasonable grounds for its action (here, not paying Mr. Jimenez for work he performed). *Martin*, 940 F.2d at 907. To meet this burden, an employer must show it took affirmative steps "to ascertain the Act's requirements[.]" *Id.* The employer's burden here is high, and "'[d]ouble damages are the norm.'" *Id.* (citing *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986)). "'If the employer fails to come forward with plain and substantial evidence to satisfy the good faith and reasonableness requirements, the district court [must grant] liquidated damages.'" *Id.* at 908 (citing *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 129 (3d Cir. 1984)). *See Martin*, 940 F.2d at 909-910 (reversing the district court's denial of liquidated damages primarily because the employer had not shown that it took proactive steps, by way of any analysis or inquiry, to ascertain whether the plaintiff was exempt from overtime pay under the FLSA).

The Court will grant the request for liquidated damages because Best Behavioral Healthcare, Inc. has not demonstrated it took any affirmative steps to ascertain the FLSA's requirements.

To the extent Best Behavioral Healthcare, Inc. relies on industry practice to demonstrate that it met its burden, as a matter of law, that argument fails. *See Keeley v. Loomis Fargo & Co.*, 183 F.3d 257, 270 (3d Cir. 1999) (noting that Third Circuit precedent "provide[s] that reasonable good faith is not shown when an employer does not inquire about the law's requirements, simply follows an industry trend of not complying with the law, or violates the law in order to remain competitive.")

Moreover, some courts have rejected reliance on an accountant's advice to show good faith and reasonableness, where the proponent of such reliance failed to identify any actual advice that

3

was attempted to be followed. *See, e.g., Acosta v. Maranto*, No. 15-1378, 2018 WL 1997770, *8 (W.D. Ok. Apr. 27, 2018) (rejecting the employers' proffer of reliance on a CPA's advice because the employers failed to point to any particular advice of the CPA that was allegedly honestly followed). Like the employers in *Acosta v. Maranto*, Best Behavioral Healthcare, Inc. does not provide any evidence of specific advice, let alone of whether the advice related at all to the requirements of the FLSA. Thus, Best Behavioral Healthcare, Inc. has not demonstrated it took an "affirmative act," by way of analysis or inquiry, to ensure compliance with the FLSA, and the Court awards liquidated damages as mandated by the FLSA in the amount of $8,170.75 to Mr. Jimenez.[3]

### MOTION FOR ATTORNEY FEES AND COSTS

**I.     Parties' Arguments**

As to the motion for attorney fees and costs, Mr. Jimenez asserts his request for attorney fees is reasonable because he is seeking reimbursement for only substantive work done, specifically not seeking fees related to paralegal, clerical, redundant, unnecessary work, or travel. Nor is he seeking fees for work performed related to the state law claim that he voluntarily dismissed. Mr. Jimenez also asserts he only requests costs permitted by statute.

In response, Best Behavioral Healthcare, Inc. contends that Mr. Jimenez's motion for fees must be denied because Mr. Jimenez was awarded *de minimis* damages. In the alternative, Best Behavioral Healthcare, Inc. asserts that should the Court award fees, the amount should be reduced

---

[3]   The Court further rejects the arguments as to Mr. Jimenez's purported inaccurate timesheets or that Mr. Jimenez believed he was hired as an independent contractor. These arguments appear to support an argument that Best Behavioral Healthcare, Inc. should be immunized because it did not act in bad faith. However, the arguments do not squarely address the issue before this Court, namely the question of whether Best Behavioral Healthcare, Inc. itself undertook proactive steps to determine its compliance with the federal statute. The reasonable good faith requirement looks to something palpably done by the employer, not whether the employer acted without bad faith or malintent.

4

because Mr. Jimenez prevailed only partially, and further, the fee motion requests excessive and vague fees.

As to costs, Best Behavioral Healthcare, Inc. seeks a reduction of $13,048.59 for costs related to the depositions of Dr. Willie Brown, Mark Purdy, Jenny Ramirez, Marilyn Salcedo, and Dominique Dominiquez because these depositions purportedly did not help advance Mr. Jimenez's claims. Best Behavioral Healthcare, Inc. also asserts, generally as to all the costs requested, that they are not sufficiently detailed and because Mr. Jimenez's victory was limited, costs should be reduced accordingly.

In reply, Mr. Jimenez opposes the notion that his damages award is *de minimis*, because unlike the cases relied on by Best Behavioral Healthcare, Inc., he was awarded 100% of his damages sought at summary judgment. Mr. Jimenez also argues that his victory was not partial, and he has not requested fees related to his state law claim. According to Mr. Jimenez, Best Behavioral Healthcare, Inc. also has failed to meet its burden in identifying specific objections to the fees. As to Best Behavioral Healthcare, Inc.'s arguments on costs, he contends that all of the witnesses' depositions referenced by the defendants in fact either helped Mr. Jimenez prevail at summary judgment or would have been used at trial.

## II. Discussion

Under the FLSA, the prevailing plaintiff is awarded attorney fees and costs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action.") A court calculates the appropriate fee award by "'multiplying the number of hours reasonably expended on the litigation [by] a reasonable hourly rate,'" which is called the "lodestar." *Tobin v. Haverford Sch.*, 936 F. Supp. 284, 287 (E.D. Pa. 1996). Part and parcel to the determination of

whether to award fees, a court must also decide the reasonableness of both the number of hours expended and the proposed hourly rate. *Id.* at 288.

The Third Circuit Court of Appeals has explained that a fee petition ought to include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." *Keenan v. City of Philadelphia*, 983 F.2d 459, 473 (3d Cir.1992) (internal citations omitted). However, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Id.* Rather, the appellate court has found "sufficient specificity where the computer-generated time sheet provided 'the date the activity took place.'" *Id.*

When challenging fee petitions, a party must "submit briefs that identify the portion of the fee request being challenged and state the grounds for the challenge with sufficient specificity to give the fee applicants notice that they must defend the contested portion of their fee petition." *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 715 (3d Cir. 1989). While a district court has "a positive and affirmative function in the fee fixing process, not merely a passive role[,]" *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001), and "[i]n reviewing a fee application, a district court must conduct 'a thorough and searching analysis[,]'" *Interfaith Community Organization v. Honeywell Intern., Inc.*, 426 F.3d 694, 703 (3d Cir. 2005), a court may not *sua sponte* reduce attorneys' fees. *Bell*, 884 F.2d at 721; *see also Loughner*, 260 F.3d at 178 (noting that a "district court cannot decrease a fee award based on factors not raised at all by the adverse party."). Thus, the Court will not consider conclusory challenges to the fees where Best Behavioral Healthcare, Inc. has failed to point to specific grounds for the contest or specific fees asserted as problematic.

6

As to costs, the parties do not dispute that the measure of appropriate costs to be reimbursed is governed by 28 U.S.C. § 1920. The statute provides that a court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and (5) docket fees under § 1923 of the statute. 28 U.S.C. § 1920. The statute also requires a bill of costs be submitted for a court's review. *Id.* However, a court may reduce the expenses requested to be reimbursed by the value of unexplained costs. *See Bradley v. Laborers' Local 135*, No. 81-2356, 1997 WL 12136, at *3 (E.D. Pa. Jan. 6, 1997) (reducing reimbursement for costs by the amount of costs for copies and fax charges that were unexplained).

Upon careful consideration of the petition for fees and costs, the fees ledger and bill of costs submitted in support of the petition, the parties' respective briefs and arguments on the propriety of the fees and costs requested, and the Court's scrutinizing role when reviewing a motion for fees and costs and the Third Circuit Court of Appeals' admonition that the Court may not on its own reduce fees on bases not raised by the nonmoving party, the Court grants in part and denies in the part Mr. Jimenez's application for fees and costs.

### a. Attorney Fees

First, because Mr. Jimenez requests fees for work performed by one attorney, Ms. Angeli Murphy, Esquire, and because the parties do not dispute the reasonableness of the hourly rate of $425, the Court need not address the issue of the reasonableness of the hourly rate. However, the Court does find that the hourly rate of $425 asserted is reasonable. According to the supporting papers filed with the petition for fees, Ms. Murphy has 15 years of experience as an attorney. The

Third Circuit Court of Appeals has approved of the use of fee schedule rates developed by Community Legal Services as reasonable hourly rates. *See, e.g., U.S. ex rel. Palmer v. C&D Technologies, Inc.*, 897 F.3d 128, 138 (3d Cir. 2018) (holding that the district court was within its discretion to apply the mid-point of the CLS rates as the reasonable hourly rate). CLS' current hourly rate range for attorneys with comparable experience to Ms. Murphy (for 11 to 15 years of experience) is $375.00 to $450.00 an hour. *See* Attorneys Fees, Community Legal Services, *available at* https://clsphila.org/about-community-legal-services/attorney-fees/. Ms. Murphy's level of experience falls at the high end of this proposed range. Thus, the Court finds an hourly rate of $425 is reasonable.

Accordingly, with respect to fees, the Court must decide only: (1) whether Mr. Jimenez was awarded nominal and/or partial damages; (2) whether Best Behavioral Healthcare, Inc. has raised sufficiently specific objections; and (3) if objections have been sufficiently raised, whether the Court should reduce the fees requested based on those objections.

### i. The damages awarded to Mr. Jimenez are not nominal or limited.

The Court finds Mr. Jimenez's damages were neither nominal nor partial. Best Behavioral Healthcare Inc.'s argument that the damages award was *de minimis* because Mr. Jimenez was only awarded $8,170.75 when he demanded $75,000 initially is a red herring. As counsel for Mr. Jimenez points out, while at some point, $75,000 may have been Mr. Jimenez's demand, the Court awarded Mr. Jimenez the entirety of damages he sought at summary judgment. Memo. Op. on Mot. for Summary Judgment (Doc. No. 26), p. 17. Additionally, the Court has awarded Mr. Jimenez liquidated damages. Thus, his compensatory damages are valued over $16,000. The damages awarded are hardly nominal.[4]

---

[4] The cases cited by Best Behavioral Healthcare, Inc. are inapposite. *See, e.g., Farrar v. Hobby*, 506 U.S. 103, 106 (1992) (affirming reversal of fee award on the basis that the plaintiff's victory was technical;

Additionally, there is no partial win here. Mr. Jimenez prevailed on both claims at issue at summary judgment. The Court granted summary judgment for Mr. Jimenez on the federal claim and denied Best Behavioral Healthcare, Inc.'s motion for summary judgment on the state law claim, finding instead that the unrefuted record showed that Mr. Jimenez was never paid at all. According to the Supreme Court, "[t]he result [of litigation] is what matters" in determining the appropriateness of attorney fees. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Here, where the Court awarded all the damages sought by Mr. Jimenez at summary judgment, that he later (by way of stipulation) withdrew without prejudice his state law claim is of no matter to the present dispute. Stipulation of Dismissal of Count I Without Prejudice (Doc. No. 42).

With respect to Best Behavioral Healthcare, Inc.'s argument that Mr. Jimenez did not prevail on the motion to compel, the Court disagrees that the motion failed on the merits. The motion was denied *as moot* because the telephone conference held on August 31, 2018 to discuss the discovery disputes resolved the issue of the extent of documents that must be disclosed. Order dated September 6, 2018 (Doc. No. 17). Moreover, in the same Order on the motion to compel, the Court required Best Behavioral Healthcare, Inc. to produce an authorized officer to respond under oath to Mr. Jimenez's outstanding discovery requests. *Id.* For all these reasons, the Court rejects the asserted challenge to the fees related to the motion to compel and will not reduce any fees on this purported basis.[5]

---

although the jury had found there to be a conspiracy, it also found that the conspiracy was not a proximate cause of any alleged injury); *Velius v. Twp. Of Hamilton*, 466 F. App'x 133, 141 (3d Cir. 2013) (vacating attorneys' fees award and remanding for the district court to consider the issue of the plaintiff's $1.00 technical victory); *Yarnall v. Phila. Sch. Dist.*, 203 F. Supp. 3d 558, 565-566 (E.D. Pa. 2016) (denying a fees award because at trial, the plaintiff had failed to show actual injuries).

[5] Moreover, as to the fees related to the motion to compel, Best Behavioral Healthcare, Inc. does not point to any specific fee that may relate to the motion. There are numerous fees that could be interpreted to relate. Consequently, the Court also finds the objection to these motion-related fees insufficient for lack of specificity.

### ii. Best Behavioral Healthcare, Inc.'s objections to some fee entries is sufficiently specific.

Next, with respect to the dispute on the adequacy of the objections, the Court finds that Best Behavioral Healthcare, Inc. provides sufficiently specific objections to some entries, notifying Mr. Jimenez of the need to defend those entries. It challenges the following entries categorized by date by specifically pointing to them as problematic: 1/17/18, 7/3/18, 7/17/18, 7/19/18, 7/24/18, 8/9/18, 8/24/18, 8/31/18, 9/20/18, 9/21/18, 10/4/18, 10/29/18, 10/30/18, 10/31/18, 11/1/18, 11/21/18,[6] 1/17/19, 1/18/19, 2/27/19, 8/6/19, 8/8/19, 8/10/19, and 8/12/19. Best Behavioral Healthcare, Inc. regards these entries as excessive and vague because the fees are not sufficiently detailed as to what time was spent on what task, and the tasks are bundled. Best Behavioral Healthcare, Inc. also challenges several other entries because the fees sought are for work done prior to the filing of the complaint. These tasks were allegedly performed on 10/27/17, 10/30/17, 11/15/17, and amounted to $722.50. The Court finds that as to these identified entries only, Best Behavioral Healthcare, Inc. has sufficiently put Mr. Jimenez on notice of its objections to the entries.

However, as to all other fees requested, because Best Behavioral Healthcare, Inc. does not specifically identify these other fees as problematic and the Court has rejected the other challenges to the fees petition as aforementioned, the Court grants Mr. Jimenez's petition on these other fees.

### iii. Whether the fees sought are reasonable.

Turning now to whether the above identified fees are reasonable and ought to be awarded, the Court grants the fee petition on all challenged fees except as to one entry as set forth below.

---

[6] While Best Behavioral Healthcare, Inc. contests an entry for 11/21/18, there is no entry for that date, but there is one for 11/2/18. The Court construes the challenge to be for work performed on 11/2/18.

With respect to the three entries dated 10/27/17, 10/30/17, and 11/15/15, while Best Behavioral Healthcare, Inc. argues Mr. Jimenez cannot request fees associated with pre-complaint work, it does not cite to any case law that supports its position. Rather, the Supreme Court has noted that attorneys' fees should be awarded for work done "on the litigation" and "some of the services performed before a lawsuit is formally commenced by the filing of a complaint are performed 'on the litigation.' Most obvious examples are the drafting of the initial pleadings and the work associated with the development of the theory of the case." *Webb v. Bd. of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 243 (1985). Upon review of these three entries, the fees sought are for initial research, investigation, and client-interview work performed prior to the filing of the complaint. The Court finds that the work performed is work done "on the litigation" as it related to either the drafting of pleadings or work done to develop the theory of Mr. Jimenez's case. Therefore, the Court awards these attorney fees.

As to the other disputed entries, namely those dated 1/17/18, 7/3/18, 7/17/18, 7/19/18, 7/24/18, 8/9/18, 8/24/18, 8/31/18, 9/20/18, 9/21/18, 10/4/18, 10/29/18, 10/30/18, 10/31/18, 11/1/18, 11/2/18, 1/17/19, 1/18/19, 2/27/19, 8/6/19, 8/8/19, 8/10/19, and 8/12/19, the Court strikes only the request for 8/6/19 because the Court finds this work vague and unnecessary. That entry seeks $425 for the attorney's "[r]eview of time entries in anticipation of submission of motion for attorneys' fees." Ex. A to Motion for Attorneys' Fees (Doc. No. 48-3). This Court has previously declined to award these kinds of fees. *See Zebroski v. Gouak*, No, 09-1857, 2011 WL 3565223, at *5 n.7 (E.D. Pa. Aug. 12, 2011) (the Court does not "consider this task—given that no especially arduous or hypertechnical requirements [ar]e imposed—to be essentially in the nature of a law professional's overhead or cost of doing business.")

But as to all the other challenged entries, upon careful review of the asserted fees, the Court finds that given the skill and experience level of Mr. Jimenez's attorney, the work performed, and the work conducted in an apparently efficient manner and in proportion to the complexity of the issues at hand, Mr. Jimenez is entitled to all other fees sought. Contrary to Best Behavioral Healthcare, Inc.'s arguments, none of these other fees are vague. Each fee entry is listed by date and specifies the amount of time spent on a particular task or set of tasks performed on that date. This description meets the level of specificity required by our Court of Appeals. *See Keenan*, 983 F.2d at 473 (finding adequate specificity where a time sheet provided the date a task occurred).

### b. Costs

Finally, with respect to costs, Best Behavioral Healthcare, Inc.'s challenges here are two-fold: (1) because Mr. Jimenez's victory was limited, costs should be reduced to reflect the limited nature of Mr. Jimenez's success, and (2) the costs are not specific. In support of the second argument, Best Behavioral Healthcare, Inc. points to Mr. Jimenez's efforts to seek reimbursement for expenses related to the depositions of several individuals whose testimony "served no purpose" in aiding Mr. Jimenez's claims. Opp'n Br. to Pl.'s Mot. for Attorneys' Fees and Costs (Doc. No. 51), p. 7. Best Behavioral Healthcare, Inc. also contends that "[t]hese employees had little, if any, contact with Plaintiff[,]" "were able to substantiate[ ] that Plaintiff did not work the hours he alleged[,]" and "they [ ] provided testimony which showed that Plaintiff did not complete his documentation and had his own clients coming to BBH." *Id.*

The Court grants the request for costs in totality. Initially, the Court has already determined that Mr. Jimenez's dismissal of the state law claim is not a basis to reduce his fees award. For the same reasons, the dismissal is not be a basis to reduce his costs reimbursement.

Second, Mr. Jimenez has submitted a cost summary report generated by his counsel's firm, which itemizes each expense by date organized and grouped under the following activities: copies, deposition-related expenses, filing fees, black and white printing, and process service. Attorney Cost Records with Supporting Invoices (Doc. No. 48-5). Mr. Jimenez asserts that the costs were necessary to prepare for depositions, legal research, oral argument, and success at summary judgment. Indeed, these costs are all types of costs permitted to be reimbursed by 28 U.S.C. § 1920. Thus, the Court finds sufficient specificity in the bill of costs submitted.

As to the challenges to the deposition-related expenses, Best Behavioral Healthcare, Inc.'s arguments are an attempt to rehash merit-based arguments raised and rejected at summary judgment. The Court has already determined Best Behavioral Healthcare, Inc. did not pay Mr. Jimenez for work performed as an employee and has awarded him damages in backpay and overtime pay. That the deponents allegedly testified that Mr. Jimenez did not complete his work documentation or work the hours he asserted he worked is not relevant to a costs determination at this time. Moreover, at least some of the depositions were used to support Mr. Jimenez's motion for summary judgment, and the Court cited Ms. Salcedo's deposition in its analysis and grant of summary judgment in favor of Mr. Jimenez. Thus, the Court rejects Best Behavioral Healthcare, Inc.'s challenge to the costs related to the depositions of certain identified individuals.

## CONCLUSION

For all these reasons, the Court grants the motion for liquidated damages and grants in part and denies in part the motion for fees and costs, denying only with respect to the fee entry dated 8/6/19. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**